1 F.3d 225
 1993 Copr.L.Dec. P 27,127, 27 U.S.P.Q.2d 1678
 Jan J. ROSCISZEWSKI, Assignee of Physical Dynamics,
Incorporated, Plaintiff-Appellant,
v.
ARETE ASSOCIATES, INCORPORATED; David E. Mann; Richard A.
Martini; Wilma R. Murphy; Frank Fernandez,
Defendants-Appellees. (Two Cases)
 Nos. 92-2122, 92-2390.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 5, 1993.
Decided July 29, 1993.
 
 Alex N. Saleh, David L. Duff, P.C., Fairfax, VA, argued, for appellant.
 Mark L. Gerchick, Paul, Hastings, Janofsky & Walker, Washington, DC (Kenneth M. Willner, Michael D. Taxay, on brief), for appellees.
 Before WILKINS and LUTTIG, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 WILKINS, Circuit Judge:
 
 
 1
 Jan J. Rosciszewski appeals orders of the district court dismissing all counts of the complaint except one, remanding the remaining count (Count V) to state court, and awarding attorneys' fees and costs in favor of Arete Associates, Incorporated, David E. Mann, Richard A. Martini, Wilma R. Murphy, and Frank Fernandez (collectively, "Arete"). Rosciszewski maintains that the district court lacked subject matter jurisdiction and therefore erroneously refused to remand the entire action to state court. In addition, Rosciszewski contends that the award of attorneys' fees and costs was inappropriate and excessive. We conclude that subject matter jurisdiction was proper because Sec. 301(a) of the Copyright Act, 17 U.S.C.A. Sec. 301(a) (West 1977), completely preempts Rosciszewski's claim that Arete violated Sec. 18.2-152.3 of the Virginia Computer Crimes Act, Va.Code Ann. Sec. 18.2-152.3 (Michie 1988). However, because we take this opportunity to adopt a legal standard for determining whether an award of attorneys' fees and costs under 17 U.S.C.A. Sec. 505 (West 1977) is appropriate, we vacate the award imposed by the district court and remand for the district court to exercise its discretion utilizing this standard.
 
 I.
 
 2
 During the late 1980s, Physical Dynamics, Incorporated (PDI) engaged primarily in providing technical and computer research services to the United States Department of Defense. PDI developed a copyrighted computer program called ORBIS which was used to analyze military systems. As alleged by Rosciszewski, Appellee Mann, while employed as General Manager of PDI, executed an agreement to keep secret all confidential matters of PDI both during and after his employment. However, both during and after Mann's employment with PDI, he attempted to persuade PDI's clients to engage in business with Arete by telling them that Arete possessed ORBIS and that PDI could not fulfill its contracts with them. Arete attempted to hire PDI's employees, particularly those computer programmers most knowledgeable about ORBIS, and some of PDI's key employees resigned from PDI to accept employment with Arete. Rosciszewski further alleges that two of these employees, acting under the direction of Arete, breached secure areas on PDI's property, accessed PDI's computer system, and procured copies of ORBIS and other proprietary works.
 
 
 3
 Approximately one year prior to the litigation that is the subject of this appeal, PDI filed an action in the United States District Court for the Eastern District of Virginia against Appellees in this action.[1] Seeking injunctive relief and damages, PDI alleged a cause of action for federal copyright infringement and seven state-law causes of action. PDI subsequently filed an amended complaint that omitted the state claims. The parties settled the federal copyright claim, and the district court entered a consent decree in March 1991.
 
 
 4
 In May 1992, Rosciszewski, as an assignee of PDI, filed the present action against Arete in the Circuit Court of Fairfax County, Virginia, attempting to litigate the state-law claims that had not been pursued in the earlier action. Rosciszewski alleged: (Count I) violations of the Virginia Computer Crimes Act, see Va.Code Ann. Secs. 18.2-152.1 to .14 (Michie 1988 & Supp.1993); (Count II) violations of the Virginia Uniform Trade Secrets Act, see Va.Code Ann. Secs. 59.1-336 to -343 (Michie 1992); (Count III) conspiracy to injure PDI; (Count IV) intentional interference with PDI's contract rights and business expectancies; (Count V) conversion of PDI's corporate funds; (Count VI) breach of fiduciary duties owed to PDI; and (Count VII) disparagement of PDI's business.
 
 
 5
 Arete removed the action to the United States District Court for the Eastern District of Virginia. Rosciszewski moved to remand the action to state court, arguing that the district court lacked subject matter jurisdiction. Arete responded by moving to dismiss Rosciszewski's complaint on the alternative bases that all of the claims, except Count V, were barred by res judicata as a result of the prior consent decree and were preempted by Sec. 301(a) of the Copyright Act. The district court agreed and granted Arete's motion to dismiss. Denying Rosciszewski's motion to remand the case in its entirety, the district court ordered that the remaining claim, Count V, be remanded to state court. After Rosciszewski filed a notice of appeal, however, the court stayed execution of its remand order. On appeal Rosciszewski does not contend that the district court was in error in holding that the claims, except for Count V, were barred by res judicata. Thus, since no challenge was made to this ruling, if jurisdiction was properly vested in the district court by virtue of preemption, it must stand absent plain error.
 
 
 6
 Thereafter, Arete moved for attorneys' fees and costs pursuant to 17 U.S.C.A. Sec. 505. The district court awarded $93,354.00 in fees and $3,141.87 in costs; Rosciszewski also appealed from this order. The two appeals have been consolidated before this court.
 
 II.
 
 7
 Rosciszewski maintains that the district court erred in finding that Sec. 301(a) of the Copyright Act preempted the state-law claims alleged in the complaint. In addition, Rosciszewski argues that even if Sec. 301(a) does preempt one of the state-law claims, removal based on the preemption defense was improper because the claim did not arise under federal law. Thus, Rosciszewski concludes, because the district court lacked subject matter jurisdiction, it should have remanded the action to state court without addressing the merits. See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). We first address whether Sec. 301(a) of the Copyright Act preempted any of Rosciszewski's claims. Concluding that Rosciszewski's allegation that Arete violated Sec. 18.2-152.3 of the Virginia Computer Crimes Act by copying PDI's ORBIS computer program is preempted, we then turn to the question of whether removal on this basis provided subject matter jurisdiction to the district court.
 
 A.
 
 8
 Section 301(a) of the Copyright Act states in pertinent part:
 
 
 9
 [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 ... are governed exclusively by this title.
 
 
 10
 17 U.S.C.A. Sec. 301(a) (West 1977). Thus, Sec. 301(a) preempts state-law claims if "the work is within the scope of the 'subject matter of copyright' as specified in 17 U.S.C. Secs. 102, 103" and "the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. Sec. 106." Ehat v. Tanner, 780 F.2d 876, 878 (10th Cir.1985), cert. denied, 479 U.S. 820, 107 S.Ct. 86, 93 L.Ed.2d 39 (1986).
 
 
 11
 Count I of Rosciszewski's complaint alleges that the unauthorized copying by Arete of PDI's ORBIS computer program violated Sec. 18.2-152.3 of the Virginia Computer Crimes Act.[2] The parties do not dispute that computer programs, like the one at issue here, are within the subject matter of copyright because they are "original works of authorship fixed in [a] tangible medium of expression ... from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C.A. Sec. 102(a) (West Supp.1993); see Trandes Corp. v. Guy F. Atkinson Co., 996 F.2d 655, 659 (4th Cir.1993). The critical question before the court, then, is whether rights granted under the state laws upon which Rosciszewski relies are equivalent to any of the exclusive rights granted by copyright law.[3] This is a question of law that we review de novo. See id. at * 1.
 
 
 12
 Section 106 of the Copyright Act "affords a copyright owner the exclusive right to: (1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work by sale or otherwise; and, with respect to certain artistic works, (4) perform the work publicly; and (5) display the work publicly." Computer Assocs. Int'l v. Altai, Inc., 982 F.2d 693, 716 (2d Cir.1992). In order to ascertain whether a specific state cause of action involves a right equivalent to one of those identified in Sec. 106, reference must be made to the elements of the state cause of action. See Trandes Corp., 996 F.2d at 659. State-law claims that infringe one of the exclusive rights contained in Sec. 106 are preempted by Sec. 301(a) if the right defined by state law " 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights.' " Computer Assocs. Int'l, 982 F.2d at 716 (quoting Harper & Row, Publishers, Inc. v. Nation Enters., 723 F.2d 195, 200 (2d Cir.1983), rev'd on other grounds, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)). However, "if an 'extra element' is 'required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, ... there is no preemption,' " id. (quoting 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright Sec. 1.01[B], at 1-14 to 1-15 (1992)), provided that "the 'extra element' changes the 'nature of the action so that it is qualitatively different from a copyright infringement claim,' " id. (quoting Mayer v. Josiah Wedgwood & Sons, Ltd., 601 F.Supp. 1523, 1535 (S.D.N.Y.1985)); see Trandes Corp., 996 F.2d at 660.
 
 
 13
 The elements necessary to show a violation of Sec. 18.2-152.3 of the Virginia Computer Crimes Act are: (1) that the defendant "use[d] a computer or computer network;" (2) "without authority;" and (3) "with the intent to ... [o]btain property or services by false pretenses; ... [e]mbezzle or commit larceny; or ... [c]onvert the property of another." Va.Code Ann. Sec. 18.2-152.3; see also id. Sec. 18.2-152.12(A) (providing a civil cause of action for damages to one injured as a result of a violation of the Act).
 
 
 14
 Rosciszewski's claim under the Virginia Computer Crimes Act does not require proof of elements beyond those necessary to prove copyright infringement of a computer program that make the claim qualitatively different from a copyright infringement claim; the core of both causes of action, in the context of Rosciszewski's claim, is the unauthorized copying of a computer program. Cf. Trandes Corp., 996 F.2d at 658 (holding that a state claim of misappropriation of trade secrets is not preempted by Sec. 301(a) because "the breach of a duty of trust or confidentiality comprises the core of actions for trade secret misappropriation"). That the first element of Sec. 18.2-152.3 requires use of a computer does not qualitatively change the nature of the claim from that of unauthorized copying because, in the context of Rosciszewski's claim, use of the computer is "a necessary condition to [the] copying." 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright Sec. 1.01[B], at 1-14 n. 62 (1992). Further, the second element of the violation of Sec. 18.2-152.3, requiring that use of the computer be "without authority," does not add a qualitatively different element. The Virginia Computer Crimes Act specifies that "[a] person is 'without authority' when he has no right or permission of the owner to use a computer, or, he uses a computer in a manner exceeding such right or permission." Va.Code Ann. Sec. 18.2-152.2 (Michie 1988) (emphasis omitted). Thus, under Sec. 18.2-152.3, unauthorized copying of a computer program, as alleged by Rosciszewski, necessarily involves using the computer without authority. The third element of a Sec. 18.2-152.3 violation, "with the intent to ... [o]btain property or services by false pretenses; ... [e]mbezzle or commit larceny; or ... [c]onvert the property of another," does not add an element qualitatively changing the state claim from one of unauthorized copying; "[a]n action will not be saved from preemption by elements such as awareness or intent, which alter 'the action's scope but not its nature.' " Computer Assocs. Int'l, 982 F.2d at 717 (quoting Mayer, 601 F.Supp. at 1535). Consequently, we hold that the protection of computer programs from unauthorized copying granted under Sec. 18.2-152.3 is equivalent to the exclusive right of the copyright owner to reproduce a copyrighted work under the Copyright Act. Therefore, Rosciszewski's cause of action under this section is preempted to the extent that it is based on reproduction of the copyrighted computer program.
 
 B.
 
 15
 Having concluded that Sec. 301(a) of the Copyright Act preempts one of Rosciszewski's claims, we now consider whether removal on the basis of Sec. 301(a) preemption was proper. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ... where such action is pending." 28 U.S.C.A. Sec. 1441(a) (West Supp.1993). "The district courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. Sec. 1331 (West Supp.1993). Accordingly, an action filed in a state court that presents a question arising under federal law may be removed to federal district court "without regard to the citizenship or residence of the parties." 28 U.S.C.A. Sec. 1441(b) (West 1973).
 
 
 16
 In order to determine if an action arises under federal law, we must apply the well-pleaded complaint rule. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. Because "[t]he well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction," Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1983), a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in pleading its case, Caterpillar, Inc., 482 U.S. at 392, 107 S.Ct. at 2429.
 
 
 17
 Generally, federal preemption is a defense to a plaintiff's action, and as such, "it does not appear on the face of a well-pleaded complaint." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Consequently, it "does not authorize removal to federal court." Id. In certain circumstances, however, "the pre-emptive force of [federal law] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " Caterpillar, Inc., 482 U.S. at 393, 107 S.Ct. at 2430 (quoting Metropolitan Life Ins. Co., 481 U.S. at 65, 107 S.Ct. at 1547). This so-called complete preemption occurs when "an area of state law has been [so] completely pre-empted, [that] any claim purportedly based on th[e] pre-empted state law is considered ... a federal claim." Id.[4] When state-law claims are completely preempted by federal law, the plaintiff's complaint arises under federal law and removal is proper. See Metropolitan Life Ins. Co., 481 U.S. at 67, 107 S.Ct. at 1548.
 
 
 18
 The parties correctly acknowledge that Rosciszewski's complaint alleges only violations of state law. Arete nevertheless maintains that removal was proper because the Copyright Act is one of those areas of federal law that so completely preempts state law that it converts claims purportedly based on state law into claims under the Copyright Act. Having previously concluded that Sec. 301(a) of the Copyright Act preempts Rosciszewski's claim that Arete violated the Virginia Computer Crimes Act by copying PDI's ORBIS computer program, we must resolve whether the complete preemption doctrine made removal proper.
 
 
 19
 In Metropolitan Life Insurance Co., 481 U.S. at 63-67, 107 S.Ct. at 1546-48, the Supreme Court upheld removal of state-law causes of action that came within the scope of Sec. 502(a)(1)(B) of ERISA, 29 U.S.C.A. Sec. 1132(a)(1)(B) (West 1985 & Supp.1993), and that were preempted by Sec. 514(a), 29 U.S.C.A. Sec. 1144(a) (West 1985). The Court stated that, despite "the unique pre-emptive force of ERISA," it nevertheless "would be reluctant to" infer that the preemptive force of ERISA is so extraordinary as to convert state causes of action into "federal claim[s] for purposes of the well-pleaded complaint rule," absent clearly expressed congressional intent. Id. at 65, 107 S.Ct. at 1547. Thus, in deciding whether the preemptive force of the Copyright Act is so extraordinary that a state-law claim, preempted by Sec. 301(a), becomes federal in nature, the focus of our inquiry must be congressional intent. See id.; see also 13B Charles A. Wright et al., Federal Practice and Procedure Sec. 3566 (Supp.1993) ("[T]he Supreme Court gives great weight to the intent of Congress" in resolving whether the complete preemption doctrine applies.).
 
 
 20
 In Metropolitan Life Insurance Co., the Court found congressional intent expressed through the fact that in Sec. 502(f)[5], granting the federal courts jurisdiction to accord relief under ERISA, Congress used language that was virtually identical to the language that had previously been interpreted by the Avco Court to provide for complete preemption of an action preempted by Sec. 301 of the LMRA, 29 U.S.C.A. Sec. 185 (West 1978). Id. at 65-66, 107 S.Ct. at 1547-48. In addition, the legislative history surrounding the enactment of ERISA, specifically the Conference Report, was instructive of congressional intent. It provided that although suits to enforce rights or recover benefits under an ERISA plan may be brought in state or federal court, " '[a]ll such actions ... are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the [LMRA].' " Id. at 65-66, 107 S.Ct. at 1547-48 (emphasis omitted) (quoting H.R.Conf.Rep. No. 1280, 93d Cong., 2d Sess. 327 (1974)).
 
 
 21
 We likewise conclude that Congress intended that actions pre-empted by Sec. 301(a) of the Copyright Act be regarded as arising under federal law. First, Congress employed a broad mandatory preemption provision for causes of action equivalent to copyright claims. See 17 U.S.C.A. Sec. 301(a). Concerning this provision, Congress has stated, "The declaration ... in section 301 is intended to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively." H.R.Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5746. Thus, Congress has clearly indicated that state-law claims which come within the subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law, such as Rosciszewski's claim that Arete copied PDI's copyrighted ORBIS computer program, should be litigated only as federal copyright claims.
 
 
 22
 Second, 28 U.S.C.A. Sec. 1338(a) (West 1976) provides in pertinent part, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights.... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases." Congress, therefore, afforded exclusive jurisdiction over copyright claims to the district courts, while providing for concurrent jurisdiction in state and federal courts over LMRA and ERISA actions. Compare 28 U.S.C.A. Sec. 1338(a) with 28 U.S.C.A. Sec. 1337 (West Supp.1993) and 29 U.S.C.A. Sec. 1132(f). Thus, although Congress did not use language virtually identical to that contained in the jurisdictional provisions governing suits under the LMRA or ERISA, we view the grant of exclusive original jurisdiction over copyright claims to the district courts as strong evidence that Congress intended copyright litigation to take place in federal courts. Cf. Holman v. Laulo-Rowe Agency, 994 F.2d 666, 669 (9th Cir.1993) (refusing to apply complete preemption doctrine to suit raising only state-law claims because although the Federal Crop Insurance Act of 1978 granted exclusive jurisdiction to federal district courts over actions by or against the Federal Crop Insurance Corporation, that entity was not a party to the lawsuit).
 
 
 23
 The grant of exclusive jurisdiction to the federal district courts over civil actions arising under the Copyright Act, combined with the preemptive force of Sec. 301(a), compels the conclusion that Congress intended that state-law actions preempted by Sec. 301(a) of the Copyright Act arise under federal law.[6] Accordingly, we hold that the preemptive force of Sec. 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by Sec. 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule. Since claims preempted by Sec. 301(a) arise under federal law, removal of actions raising these claims to federal district court is proper. Therefore, the removal of Rosciszewski's complaint was proper inasmuch as Sec. 301(a) preempted the claim under Sec. 18.2-152.3 of the Virginia Computer Crimes Act to the extent that it was based on Arete's copying of PDI's computer program ORBIS. The district court, accordingly, had subject matter jurisdiction.
 
 III.
 
 24
 Rosciszewski next challenges the award of attorneys' fees and costs to Arete. The district court awarded Arete $93,354.00 in attorneys' fees and $3,141.87 in costs pursuant to Sec. 505 of the Copyright Act, which provides in pertinent part:
 
 
 25
 In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party.... Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
 
 
 26
 17 U.S.C.A. Sec. 505 (West 1977).
 
 
 27
 Rosciszewski first claims that no award under Sec. 505 was proper because the action was not one under Title 17. Rosciszewski maintains that the complaint alleged only violations of the laws of Virginia and that, therefore, Sec. 505 is inapplicable. Rosciszewski offers no authority for this argument, and we do not find it persuasive. Rather, we conclude that when Sec. 301(a) completely preempts a state-law claim, it becomes a federal claim under Title 17. Cf. Metropolitan Life Ins. Co., 481 U.S. at 67, 107 S.Ct. at 1548 (holding that suit alleging state-law claims that were completely preempted by ERISA "is necessarily federal in character"). Section 505, therefore, is applicable.[7]
 
 
 28
 Rosciszewski next contends that a district court must find that the plaintiff's suit was frivolous or pursued in bad faith before an award of attorneys' fees to a prevailing defendant is permitted. Although some courts have imposed such a requirement as a condition to a prevailing defendant's receiving an award under Sec. 505, see Video Views, Inc. v. Studio 21, Ltd., 925 F.2d 1010, 1022 (7th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991); Bibbero Sys., Inc. v. Colwell Sys., Inc., 893 F.2d 1104, 1108 (9th Cir.1990); Roth v. Pritikin, 787 F.2d 54, 57 (2d Cir.1986), other courts have rejected such a requirement, see Lieb v. Topstone Indus., 788 F.2d 151, 155-56 (3d Cir.1986); Cohen v. Virginia Elec. & Power Co., 617 F.Supp. 619 (E.D.Va.1985), aff'd on other grounds, 788 F.2d 247 (4th Cir.1986). The Supreme Court recently granted certiorari to resolve the split in the circuits. See Fogerty v. Fantasy, Inc., --- U.S. ----, 113 S.Ct. 2992, 125 L.Ed.2d 687 (1993).
 
 
 29
 Because we find "no indication either in statutory language or legislative history that bad faith should be a prerequisite to a fee award, we decline to" condition an award of attorneys' fees under Sec. 505 to a prevailing defendant on a finding that the plaintiff pursued copyright litigation in bad faith. Lieb, 788 F.2d at 155. The statute imposes no such requirement, instead leaving the award of fees to the sound discretion of the trial court. Cf. Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1028-30 (4th Cir.1993) (en banc) (declining to recognize a presumption in favor of awarding prevailing ERISA plaintiffs attorneys' fees because statute permitting award left decision to discretion of district court).
 
 
 30
 As noted by the district court, this court has not heretofore specifically addressed the standard a district court should apply in exercising its discretion to award attorneys' fees and costs under Sec. 505. We now take this opportunity to do so. In deciding whether to award attorneys' fees and costs under Sec. 505, the district court should consider, and make findings with respect to, the following factors. First, the district court should evaluate the motivation of the parties. Lieb, 788 F.2d at 156. While a finding of willful infringement or bad faith on the part of the opposing party properly may be considered by the district court, the presence or absence of such motivation is not necessarily dispositive. Id. Second, the district court should weigh the objective reasonableness of the legal and factual positions advanced. Id. The court may consider, for example, whether the positions advanced by the parties were frivolous, on the one hand, or well-grounded in law and fact, on the other. Third, the court should consider "the need in particular circumstances to advance considerations of compensation and deterrence." Id. In evaluating this factor, the court may find relevant, among other circumstances, the ability of the non-prevailing party to fund an award. Finally, these enumerated factors are not intended as an exhaustive list; the district court may also weigh any other relevant factor presented. Id.
 
 
 31
 Although the district court found an award of attorneys' fees and costs to Arete justified by Rosciszewski's concession that the majority of the claims forwarded were barred by res judicata, it did not have the benefit of our holding today establishing the factors that should be considered in making this determination. We therefore remand for the district court to consider whether an award to Arete under Sec. 505 is appropriate under this standard.[8]
 
 IV.
 
 32
 In sum, we conclude that Sec. 301(a) of the Copyright Act preempts Rosciszewski's claim that Arete violated Sec. 18.2-152.3 of the Virginia Computer Crimes Act by copying PDI's ORBIS computer program and that claims preempted by Sec. 301(a) of the Copyright Act arise under federal law for purposes of applying the well-pleaded complaint rule. Thus, removal from state to federal court of state-law claims that are preempted by Sec. 301(a) of the Copyright Act is proper. Accordingly, we hold that removal of Rosciszewski's action to federal district court was proper and, therefore, that the district court had jurisdiction to dismiss Counts I, II, III, IV, VI, and VII on the basis of res judicata.[9] However, because the district court did not have the benefit of the legal standard we adopt to determine whether an award of attorneys' fees and costs under 17 U.S.C.A. Sec. 505 is appropriate, we vacate the award and remand for further proceedings.
 
 
 33
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 [1]
 Although irrelevant to the issues presented here, we note that Frank Fernandez was not a party to the prior litigation
 
 
 [2]
 Rosciszewski also alleges numerous other ways in which Arete violated the Virginia Computer Crimes Act that are not pertinent to this discussion. For example, Rosciszewski alleges that Arete committed computer trespass in violation of Sec. 18.2-152.4(6) of the Virginia Computer Crimes Act by using PDI's computer facilities without authority. See Va.Code Ann. Sec. 18.2-152.4(6) (Michie Supp.1993)
 
 
 [3]
 While the ruling of the district court that all of the state-law claims alleged by Rosciszewski in Counts I, II, III, IV, VI, and VII were preempted is obviously erroneous, we need not resolve whether each of these claims is preempted by Sec. 301(a). Based on our conclusion in Part II.B. that the complete preemption doctrine applies, our decision that Rosciszewski's claim of unauthorized copying under Sec. 18.2-152.3 of the Virginia Computer Crimes Act is preempted is sufficient to make removal of that claim proper. See 28 U.S.C.A. Sec. 1441(b) (West 1973). The remainder of the claims were properly removed to the district court pursuant to 28 U.S.C.A. Sec. 1441(c) (West Supp.1993)
 
 
 [4]
 The Supreme Court has found complete preemption in only a few situations--for example, claims alleging a breach of a collective bargaining agreement that fall under Sec. 301 of the Labor Management Relations Act (LMRA), 29 U.S.C.A. Sec. 185 (West 1978), see Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968), and claims for benefits or enforcement of rights under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. Sec. 1001 et seq. (West 1985 & Supp.1993), see Metropolitan Life Ins. Co., 481 U.S. at 63-67, 107 S.Ct. at 1546-48
 
 
 [5]
 Section 502(f) of ERISA provides:
 The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.
 29 U.S.C.A. Sec. 1132(f) (West 1985).
 
 
 [6]
 When Congress enacted both 28 U.S.C.A. Sec. 1338(a) and 17 U.S.C.A. Sec. 301(a), the derivative jurisdiction rule prevented removal of claims within the exclusive jurisdiction of the federal courts. See generally 14A Charles A. Wright et al., Federal Practice and Procedure Sec. 3721, at 195198 (1985). The derivative jurisdiction rule was not abolished until 1986. See id. at Sec. 3721 (Supp.1993); see also 28 U.S.C.A. Sec. 1441(e) (West Supp.1993) (permitting district court to hear claims removed from state court even if state court did not have jurisdiction). Thus, although there is no language in the legislative history surrounding the enactment of the Copyright Act to indicate that state claims preempted by copyright law are removable, this omission is not indicative of a congressional intent that such an action not be removable. Gemcraft Homes, Inc. v. Sumurdy, 688 F.Supp. 289, 293-94 (E.D.Tex.1988). In addition, because Sec. 1338(a) was adopted prior to Avco, we do not draw a negative inference from the failure of Congress to reference that opinion. Cf. Metropolitan Life Ins. Co., 481 U.S. at 65-66, 107 S.Ct. at 1547-48 (relying on statement in legislative history of ERISA that actions for benefits under ERISA plans are to be regarded as arising under federal law in the same manner as actions under Sec. 301 of the LMRA)
 
 
 [7]
 Rosciszewski also asserts that because Sec. 505 provides for a reasonable "attorney's fee," the district court should only have awarded a fee to one of Arete's attorneys. Rosciszewski offers no support for such a position, and we conclude that this argument lacks merit. We do not read the statute as limiting a fee award to one attorney only
 
 
 [8]
 Rosciszewski also maintains that the fees awarded to Arete were excessive and unreasonable. While the award appears to be unreasonably high on its face, we do not reach this issue since we must vacate the award of fees and remand to permit the district court to determine the appropriateness of the fee award under the legal standard we adopt today. We remind the district court that if it finds an award to be appropriate, it must make specific findings on each of the factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 & n. 28 (4th Cir.), cert. denied, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978), in order to facilitate our review of the reasonableness of the amount of the fee award
 
 
 [9]
 The decision of the district court that each of Rosciszewski's causes of action, except Count V, was barred by res judicata does not present plain error, and permitting the decision to stand will not result in a miscarriage of justice. Thus, since Rosciszewski does not challenge this ruling of the district court, it must stand