**DIAMOND STAR BUILDING CORPORATION, Plaintiff–Appellee,**

v.

**Beverly FREED, Defendant–Appellant,**

**and**

**Ingram & Associates, Incorporated, a Tennessee Corporation; Scott Price; The Sussex Company Builders, Incorporated, a Virginia Corporation; Riley E. Ingram, d/b/a Ingram & Associates, Defendants.**

**DIAMOND STAR BUILDING CORPORATION, Plaintiff–Appellee,**

v.

**The SUSSEX COMPANY BUILDERS, INCORPORATED, a Virginia Corporation, Defendant–Appellant,**

**and**

**Ingram & Associates, Incorporated, a Tennessee Corporation; Scott Price; Riley E. Ingram, d/b/a Ingram & Associates; Beverly Freed, Defendants.**

**Nos. 92–2432, 92–2451.**

United States Court of Appeals, Fourth Circuit.

Argued July 14, 1993.

Decided April 13, 1994.

504

**ARGUED:** Earle Duncan Getchell, Jr., McGuire, Woods, Battle & Boothe, Richmond, VA, for appellants. Archibald Wallace, III, Sands, Anderson, Marks & Miller, Richmond, VA, for appellee. **ON BRIEF:** Amy T. Holt, Robert L. Hodges, McGuire, Woods, Battle & Boothe, Richmond, VA; Edward E. Scher, Mays & Valentine, Richmond, VA, for appellants. L. Lee Byrd, Sands, Anderson, Marks & Miller, Richmond, VA, for appellee.

Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.

Reversed and remanded by published opinion. Judge WILKINS wrote the opinion, in which Judge WILKINSON and Judge LUTTIG joined.

## OPINION

WILKINS, Circuit Judge:

Diamond Star Building Corporation brought a copyright infringement action against Appellants The Sussex Company Builders, Incorporated and realtor Beverly Freed (collectively, "Sussex") and others who are not parties to this appeal. *See* 17 U.S.C.A. § 501 (West 1977 & Supp.1994). The sole issue before us is whether the district court abused its discretion in denying Sussex's application for attorney's fees and costs as a prevailing party pursuant to 17 U.S.C.A. § 505 (West 1977). Concluding that the district court abused its discretion in denying Sussex's application, we reverse and remand with directions to award attorney's fees and costs.

## I.

Diamond Star obtained a certificate of copyright registration[1] for an advertising brochure containing a design of a Victorian ranch-style house known as "The Cottage II." Diamond Star claimed that it took a public idea, a ranch-style home, and significantly improved it so as to render its design capable of copyright protection. When Diamond Star discovered that Sussex was using a similar design, Diamond Star brought suit, asserting that Sussex was infringing its alleged copyright. In response to the suit, Sussex advised Diamond Star that its copyright infringement action was wholly without merit and could under no circumstances succeed. Sussex further advised Diamond Star that if the action were pursued, it would seek sanctions because the suit was spurious.

Attempts to settle the case proved fruitless. The parties have represented to us the terms of Diamond Star's proposed settlement offer as follows: Diamond Star would settle the case for $10,000, attorney's fees, and a consent decree signed by Sussex stating that it had infringed Diamond Star's copyright and would refrain from doing so in the future. Sussex rejected this offer, primarily on two grounds. First, Sussex believed that it had done nothing improper and accordingly refused to pay damages and attorney's fees. Second, because it believed that it had not committed copyright infringement, Sussex refused to sign an admission to the contrary, asserting that an admission of wrongdoing would harm not only its business but also its standing in the business community.

After the close of Diamond Star's case, the district court, sitting without a jury, granted Sussex's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 52(c). The district court concluded that Diamond Star's infringement claim was without merit on numerous grounds. Sussex immediately moved for attorney's fees and costs pursuant to 17 U.S.C.A. § 505. The district court, however, denied this request, stating "all your fee applications are going to be denied ... [this is] a piece of litigation

that should never have been brought." It held that the parties should bear their own fees and costs because they all had acted in an "equally irresponsible fashion" and were jointly at fault for pursuing the litigation. The court concluded by stating that an award of attorney's fees and costs in this case would merely reward "obstinate and unyielding lawyers."

## II.

Sussex contends that the effect of the order of the district court is to sanction it for mounting a prevailing defense against a frivolous claim and rejecting an outlandish settlement offer. Because it prevailed at trial and because Diamond Star's action was without merit, Sussex claims that it should be awarded attorney's fees and costs as a prevailing party pursuant to § 505.

Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C.A. § 505. The Supreme Court has recently confirmed that prevailing plaintiffs and prevailing defendants must be treated alike under § 505. *See Fogerty v. Fantasy, Inc.,* —— U.S. ——, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); *see also Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225, 233–34 (4th Cir.1993).

In *Rosciszewski* this court adopted the following factors to guide a district court in determining whether to award attorney's fees and costs to a prevailing party under § 505: (1) "the motivation of the parties," (2) "the objective reasonableness of the legal and factual positions advanced," (3) " 'the need in particular circumstances to advance considerations of compensation and deterrence,' " and (4) "any other relevant factor presented." *Rosciszewski,* 1 F.3d at 234 (quoting *Lieb v.*

---

1. "[A] certificate of registration creates no irrebuttable presumption of copyright validity. Where other evidence in the record casts doubt

on the question, validity will not be assumed." *Durham Indus., Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir.1980).

*Topstone Indus., Inc.,* 788 F.2d 151, 156 (3d Cir.1986)); *see also Fogerty,* — U.S. at —, n. 19, 114 S.Ct. at 1033 n. 19 (noting that "such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner").

We review the decision of the district court with respect to the appropriateness of an award of attorney's fees and costs under § 505 for an abuse of discretion. *See Lieb,* 788 F.2d at 154. If, however, the ruling of the district court is premised upon "factual findings, we may reverse only if they are clearly erroneous. If the trial court decided the issue on a legal precept, our review is plenary." *Id.*

### III.

The district court acknowledged that consideration of these factors was appropriate in determining whether an award of attorney's fees and costs under § 505 should be made, but then summarily stated that "[a]fter considering all of these factors, the Court reaches the inescapable conclusion that its discretion is best exercised in this case by refusing to award fees." Application of the factors set forth in *Rosciszewski* compels our conclusion that the district court abused its discretion in refusing to award attorney's fees and costs to Sussex pursuant to § 505.

With respect to the first factor—the motivation of the party from whom an award of attorney's fees and costs is sought—there was no evidence before the district court tending to show that Diamond Star was acting maliciously or in bad faith. Thus, there was no "bad faith on the part of the opposing party." *Rosciszewski,* 1 F.3d at 234.

Second, regarding the objective reasonableness of the parties' contentions, the district court characterized the infringement action as "a defamation of a copyright case." It referred to this action as "a piece of litigation that should never have been brought," and "a case of . . . absolute insignificance." The district court correctly determined that Diamond Star's infringement action was without merit for numerous reasons.

Sussex understandably contends that even though Diamond Star's suit was frivolous, it had no choice but to litigate due to Diamond Star's perseverance in pursuing its claim. We are persuaded that Diamond Star's position was objectively unreasonable. Sussex's defense, on the other hand, was not only compelled in light of Diamond Star's persistence, but was also meritorious. We therefore conclude that the objective reasonableness factor strongly weighs in favor of awarding attorney's fees and costs to Sussex. Indeed, when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion.

Third, while no evidence bearing on the need for compensation was presented to the district court, we note that the goal of deterring a party from pursuing frivolous litigation is furthered by the imposition of attorney's fees and costs here. Thus, we likewise view this factor as favoring such an award to Sussex.

Fourth, *Rosciszewski* instructs that the court may consider any other relevant factor. Our review of the proceedings below leaves us with the firm impression that the district court refused to award attorney's fees and costs to Sussex because it declined Diamond Star's settlement offer. While the district court characterized both parties as "mulish[ ]," "obdurate," and "equally irresponsible" for engaging in this litigation, the record belies its characterization that Sussex was somehow responsible for this action being litigated. *See Cohen v. Virginia Elec. & Power Co.,* 617 F.Supp. 619, 623 (E.D.Va. 1985) (noting that "we must remember that it wasn't the defendant who chose to litigate"), *aff'd on other grounds,* 788 F.2d 247 (4th Cir.1986). Diamond Star's settlement offer required an admission of wrongdoing and the payment of damages and attorney's fees by Sussex. But Sussex had committed no wrong, and Diamond Star's action was frivolous. Accordingly, Sussex was entitled to confront Diamond Star's allegations with a valid defense and should not have been penalized for proceeding to trial and having those allegations declared false. The district court should not have considered Sussex's

refusal to settle Diamond Star's frivolous action as grounds for denying attorney's fees and costs.

### IV.

In sum, based on application of the factors adopted in *Rosciszewski,* we conclude that the district court abused its discretion in refusing to award attorney's fees and costs in favor of Sussex. We do not hold that attorney's fees and costs must be awarded as a matter of course under § 505; however, on the facts presented, the district court erred in failing to accord appropriate weight to Diamond Star's pursuit of an utterly meritless claim. In addition, the court was clearly erroneous in finding Sussex equally responsible for the continuation of Diamond Star's frivolous action based on Sussex's refusal to agree to settlement on the terms proposed by Diamond Star. We therefore reverse and remand with directions to award reasonable attorney's fees in addition to costs.[2]

*REVERSED AND REMANDED.*

---

**2.** Because the district court declined to award fees, it did not address the factors articulated in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 & n. 28 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978), for determining the proper amount of attorney's fees to be awarded. *See Rosciszewski,* 1 F.3d at 234 n. 8 (stating that "the district court ... must make specific findings on each of the factors set forth in *Barber* "). Therefore, on remand the district court must apply the *Barber* factors to determine the appropriate amount of attorney's fees.