**LOWRY'S REPORTS, INC.,** Plaintiff,

v.

**LEGG MASON, INC., et al., Defendants.**

No. CIV.A. WDQ–01–3898.

United States District Court,
D. Maryland,
Northern Division.

Feb. 11, 2004.

Thomas W. Kirby, Bruce G. Joseph, Scott Eric Bain, Wiley, Rein and Fielding LLP, Washington, DC, for Plaintiff.

Terence P. Ross, Gibson, Dunn and Crutcher LLP, Thomas H. Dupree, Jr., Gibson, Dunn and Crutcher LLP, Washington, DC, for Defendants.

## MEMORANDUM OPINION

QUARLES, District Judge.

Pending are Defendants Legg Mason, Inc. and Legg Mason Wood Walker, Inc. (collectively "Legg Mason")'s Motion for a New Trial and Judgment as a Matter of Law and Plaintiff Lowry's Reports, Inc.'s ("Lowry's") Motion for Attorneys' Fees. For the following reasons, those motions will be denied; Lowry's Motion for a Permanent Injunction will be granted.

### I. Background

The facts of this case are discussed in *Lowry's Reports, Inc. v. Legg Mason, Inc.,* 271 F.Supp.2d 737 (D.Md.2003). In brief, Lowry's accused Legg Mason of using *Lowry's New York Stock Exchange Market Trend Analysis* ("the Reports") in a manner that infringed its copyrights and breach of contract. On October 3, 2003, a jury found Legg Mason liable to Lowry's

for breach of contract and wilful copyright infringement and awarded $19,725,270.00 in damages.

## II. Motion for a New Trial and Judgment as a Matter of Law

Legg Mason has moved for a new trial arguing that the awards in this case were excessive, based on erroneous jury instructions, and contrary to the evidence.

### A. Statutory Damages and Jury Finding of Wilful Infringement

#### 1. Jury Awards Under the Copyright Act are Entitled to Deference.

■ Legg Mason argues that the jury verdict in this case was excessive and cannot stand. Legg Mason's Memorandum of Law in Support of Its Motion for New Trial and Judgment as a Matter of Law ("New Trial Mot.") at 2–3. Legg Mason argues that the actual harm in this case is limited to $59,000 and that the $19 million dollar verdict is so disproportionate that it violates due process. New Trial Mot. at 3.[1]

■ Congress' exercise of its Constitutional authority to regulate copyrights is entitled to substantial deference. *Eldred v. Ashcroft*, 537 U.S. 186, 222, 123 S.Ct. 769, 154 L.Ed.2d 683 (2003) ("[T]he Copyright Clause empowers Congress to determine the intellectual property regimes that, overall, in that body's judgment, will serve the ends of the Clause... [and][t]he wisdom of Congress' action ... is not within [the Supreme Court's] province to sec-

ond guess"). Title 17 U.S.C. § 504 allows a plaintiff to pursue statutory damages when a timely registered copyright has been infringed. *Id.*; 17 U.S.C. § 412 (timely registration prerequisite to statutory damages). Statutory damages also are: 1) awarded on a per work basis regardless of how many copies of the work were made or the number of infringers; and 2) subject to different damages ranges for innocent, non-willful, or willful infringement. 17 U.S.C. § 504(c).[2] In 1999, Congress amended the Copyright Act to substantially increase statutory damages for non-willful and willful infringement in order to provide "more stringent deterrents" to copyright violations including those involving computer users and Internet activity. H.R.Rep. No. 106–216 at 2–3 (1999).

■ When a jury's intent findings are sustainable, an award within the statutory range is entitled to substantial deference. *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496 (4th Cir.1996), *cert. denied* 519 U.S. 809, 117 S.Ct. 53, 136 L.Ed.2d 16 (1996). There was evidence from which the jury could have concluded that Legg Mason's employees' conduct was unreasonable and in bad faith. *Peer Int'l Corp. v. Pausa Records*, 909 F.2d 1332, 1336 (9th Cir. 1990); 9/30 Tr. at 139–40, 191; 10/01 Tr. at 48–49. Further, there is evidence that Legg Mason willfully infringed Lowry's copyrights. 10/1 Tr. at 10, 38–39; 9/30 Tr. at 238. Legg Mason concedes that the statutory damages award was within the limits set by Congress in the Copyright

---

1. Lowry's places its actual damages at $6.8 million. Plaintiff Lowry's Opposition to Legg Mason's Motion for Judgment as Matter of Law ("New Trial Opp.") at 27.

2. Lowry's notes that in this case, its registered works were copied over 40,000 times but the recovery was limited to 240 awards. It notes that this limitation to registered works, as

opposed to the number of copies, in this case resulted in a substantially smaller verdict than other damages measures would have produced. New Trial Opp. at 5, n. 3. ( Under Copyright Act of 1790 § 2, damages were awarded on a per copy basis at "fifty cents for every sheet").

Act. New Trial Mot. at 14, n. 8; New Trial Opp. at 3–4.[3] Accordingly, because the jury's finding of willfulness is sustainable, and the award is within the statutory range, it is entitled to substantial deference. *Superior Form Builders, Inc.*, 74 F.3d at 496.

The jury was not required to believe Legg Mason's assertions that the repeated infringement was due to its oversights and set its damages award accordingly. Further, the evidence indicated that Legg Mason was a sophisticated entity that repeatedly infringed Lowry's copyrights, even when asked to stop. In light of this evidence, the Court will not modify the jury's award or order a new trial because of its size.

    2.   The *Gore* Guideposts Do Not Provide Further Limitations Upon Statutory Damages Awards Under the Copyright Act.

■ Legg Mason argues that the jury's award must be reduced because its connection to the actual damages is attenuated. New Trial Mot. at 9. It argues that statutory damages should be limited to four times the actual damages in this action.

■ Statutory damages are "not fixed or readily calculable from a fixed formula." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352–53, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998) (citation omitted). Because statutory damages are an alternative to actual damages, there has never been a requirement that statutory damages must be strictly related to actual injury. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, 73 S.Ct. 222,

97 L.Ed. 276 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy"); *Superior Form Builders*, 74 F.3d at 496 (upholding then-maximum statutory damages award of $100,000 per infringed work despite plaintiff's inability to identify damages or lost profits and fact that defendant's revenue from infringing sales only totaled $10,200); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113–14 (2d Cir.2001) (affirming statutory damages under deferential standard when jury found willfulness and damages were within statutorily authorized range).[4] Copyright Act precedent does not support Legg Mason's position.

Legg Mason relies on *State Farm Mutual v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) and *BMW of North America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), to require an additional due process review of the jury's verdict. New Trial Mot. at 9. *Gore* and *State Farm* involve the use of state punitive damages awards to punish conduct that did not affect the state's citizens. *Gore*, 517 U.S. at 572, 116 S.Ct. 1589 ("[T]he economic penalties that a State ... inflicts on those who transgress its laws ... [through] punitive damages, must be supported by the State's interest in protecting its own consumers and its own economy"); *State Farm Mutual*, 123 S.Ct. at 1521 (Finding that the punitive damages in that case were awarded to "expose, and punish, the perceived deficiencies of State Farm's operations throughout the country ... State Farm

---

**3.** Legg Mason's maximum liability in this case, for the willful infringement of 240 registered copyrights, was $36 million.

**4.** Legg Mason's argument that statutory damages must relate to actual damages is also

flawed because the Copyright Act entitles a plaintiff to actual damages *and profits. See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir.2001).

was being condemned for its nationwide policies rather than for the conduct directed towards the [plaintiffs]").

*Gore* ensures that punitive damages are not grossly excessive considering the geographic scope of the state's power. *Gore*, 517 U.S. at 568, 116 S.Ct. 1589 ("Only when an award can be fairly categorized as 'grossly excessive' in relation to [the State's legitimate interests in punishment and deterrence] does it enter the zone of arbitrariness that violates the Due Process Clause of the Fourteenth Amendment").[5]

The *Gore* guideposts may apply to punitive damages awards under federal statutes. *See Cooper Industries v. Leatherman Tool Group, Inc.* 532 U.S. 424, 430 n. 3, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001) ("[T]here is no reason to believe that any possible difference between federal and state passing off would affect the constitutionality of the punitive damages award").

■ The *Gore* guideposts do not limit the statutory damages here because of the difficulties in assessing compensatory damages in this case. *State Farm*, 123 S.Ct. at 1521. Statutory damages exist in part because of the difficulties in proving—and providing compensation for—actual harm in copyright infringement actions. *F.W. Woolworth Co.*, 344 U.S. at 231, 73 S.Ct. 222 (statutory damages are intended to allow "owner of a copyright some recompense for injury done to him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits"). Although statutory damages compensate the plaintiff and deter the defendant, they may only be awarded when a plaintiff forgoes the right to collect actual damages and profits. *Yurman Design*, 262 F.3d at 112–14 (statutory damages can

be awarded in lieu of actual damages and profits and advance purposes of compensation, restitution, and deterrence).

As the Court has noted, statutory damages are limited to certain specific circumstances. The unregulated and arbitrary use of judicial power that the *Gore* guideposts remedy is not implicated in Congress' carefully crafted and reasonably constrained statute. *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 20, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991) ("As long as the discretion is exercised within reasonable constraints, due process is satisfied"). Accordingly, the Court will not subject this award to a *Gore* analysis.

### B. The Jury Instructions Do Not Require a New Trial

Legg Mason argues that the Court's jury instructions were erroneous and require a new trial. New Trial Mot. at 32, *citing United States v. Wilson*, 133 F.3d 251, 260 (4th Cir.1997).

#### 1. The "Reasonable Relationship" Between Actual and Statutory Damages Instruction.

■ Legg Mason argues that the Court's failure to instruct the jury that the amount of statutory damages should bear a reasonable relationship to actual damages requires a new trial. New Trial Mot. at 32, *citing State Farm*, 123 S.Ct. at 1524. The Court rejected this instruction because *State Farm* does not alter existing Copyright Act precedent. Statutory damages are appropriate even when actual damages cannot be proven. *F.W. Woolworth*, 344 U.S. at 233, 73 S.Ct. 222; *Superior Form Builders*, 74 F.3d at 496; *Yur-*

---

**5.** Those guide posts are: 1) the degree of reprehensibility of the defendant's misconduct; 2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and 3) the award imposed in comparable cases. *Gore*, 517 U.S. at 572–74, 116 S.Ct. 1589; *State Farm Mutual*, 123 S.Ct. at 1520.

*man Design, Inc.,* 262 F.3d at 113–14. Accordingly, the Court properly instructed the jury on the law.

2. The Jury Was Not Impermissibly Instructed that it Could Consider Legg Mason's Wealth.

■ Legg Mason argues that the Court's instruction that allowed the jury to consider Legg Mason's wealth was erroneous because "[t]he wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award." New Trial Mot. at 34, *citing State Farm,* 123 S.Ct. at 1525.[6]

■ Statutory damages have a deterrent component. *F.W. Woolworth Co.,* 344 U.S. at 233, 73 S.Ct. 222; *see also Feltner,* 523 U.S. at 352, 118 S.Ct. 1279 ("an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment"). The wealth of the defendant has been widely recognized as relevant to the deterrent effect of a damages award. *See, e.g., Lampley v. Onyx Acceptance Corp.,* 340 F.3d 478, 485 (7th Cir.2003) ("sizeable award . . . is both suitable and necessary to punish and deter a corporation of this size"); *Swinton v. Potomac Corp.,* 270 F.3d 794, 818–19 (9th Cir.2001) (punitive damages award was not out-of-line with defendant's net worth); *Kim v. Nash Finch Co.,* 123 F.3d 1046, 1068 (8th Cir. 1997) (same); *Ciner Manufacturing Co., Inc. v. S.M. Gold Fashion Manufacturing Co., Inc.,* 1997 WL 193330, at *2, 1996 U.S. Dist. LEXIS 20858 at *3–4 (S.D.N.Y.1997) (When Court attempted to determine statutory damages, it noted its decision had to have some factual basis such as the defendant's sales or size).

The Court instructed the jury that deterrence was only one of a variety of factors to be considered. 10/3 Tr. at 141–43; *State Farm,* 123 S.Ct. at 1525. Accordingly, the jury's consideration of Legg Mason's wealth was a correct application of the deterrent role of statutory damages, and a new trial is not required as a result of that consideration.

C. Legg Mason is not Entitled to Judgment as a Matter of Law as to Fair Use.

■ Legg Mason asserts that it is entitled to judgment as a matter of law on its Fair Use defense for the Phase III infringement, which consisted of Linda Olszewski e-mailing her Lowry's Reports to Todd Thayer. New Trial Mot. at 35; *Lowry's,* 271 F.Supp.2d at 749–50. Legg Mason contends that the evidence establishes that Thayer only printed one copy of these e-mails for Olszewski's personal use. *Id.* at 35–36. Legg Mason argues that Lowry's assertion that Legg Mason's employee, Mr. Cripps, was receiving a copy for his use is not supported by the evidence. *Id.* at 36.

Lowry's relies on Thayer's testimony that he did not make copies for Olszewski to create an inference that the copies were for himself. New Trial Opp. at 39, *citing* 10/1 Tr. at 13–14. It also notes that at trial, Olszewski was impeached by her July 11, 2002 deposition testimony in which she said that Cripps broadcasted the Lowry's numbers during the morning call up to the date of her deposition. New Trial Opp. at 39, *citing* 10/1 Tr. at 34–35.

The burden of proving the affirmative defense of fair use rested upon Legg Mason. *Montgomery County Association of Realtors, Inc. v. Realty Photo Master Corp.,* 878 F.Supp. 804, 811, n. 12 (D.Md. 1995). The jury could reasonably find that Olszewski's July 11 deposition testimony

6. The instructions did not violate the Equal Protection Clause of the Constitution.

was correct and that Cripps continued to improperly use copies of the Reports. *Dennis v. Columbia Colleton Medical Center,* 290 F.3d 639, 644–45 (4th Cir.2002) (judgment as a matter of law is proper only when a reasonable jury could rule in only one party's favor). Further, the jury may simply not have credited Legg Mason's fair use evidence based on Olszewski's deposition and Thayer's conflicting testimony. 10/1 Tr. at 13–14; *id.* at 34–35. That Phase III infringement occurred after Legg Mason had promised to stop copying the Reports could also have been a factor in the jury's fair use analysis. *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 549, n. 3, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) (fair use is an "equitable rule of reason"). Accordingly, *Legg Mason is not entitled to judgment as a matter of law on its fair use defense for Phase III infringement.*

D. Legg Mason is Not Entitled to Judgment as a Matter of Law on Lowry's Breach of Contract Claim, and the Award was not Excessive.

■ Legg Mason argues that there was no evidence that it entered into a subscription contract with Lowry's. New Trial Mot. at 39. It asserts that Lowry's evidence of that contract, which was missing, is insufficient to prove the existence of the contract and its terms.

Lowry's relies on testimony that its standard subscription contract prohibited subscribers from copying or sharing the Reports. 10/29 Tr. at 121–22. A standard contract used by Lowry's was admitted into evidence along with Lowry's contracts with two other Legg Mason employees. New Trial Opp. Ex. F (standard contract); Ex. H & I (contracts with Legg Mason employees). There is also evidence that, by using the Reports, Legg Mason violated an implied contract. 9/30 Tr. at 161–62, 165.

■ Legg Mason also argues that the proper measure of contract damages under Maryland law is that which is required to make the plaintiff whole and that the jury's $825,270 award is beyond this amount and too speculative. *B & P Enters. v. Overland Equip. Co.,* 133 Md.App. 583, 758 A.2d 1026 (2000).

The jury was provided, however, with an exhibit that listed the number of brokers employed at Legg Mason in 1999, 2000, 2001, and 2002 and the yearly subscription rate for those years. New Trial Opp. Ex. T. Had every broker subscribed during those years, Lowry's would have received $6,871,810. *Id.* The actual award was well below this number. In fact, Legg Mason made the Reports available to all its brokers. Finally, the breach of contract award is not a double recovery because only the weekly reports were registered copyrights and therefore subject to the statutory damages award. *See Lowry's Reports,* 271 F.Supp.2d at 744 (did not seek Copyright remedy for unregistered daily reports prior to March 25, 2002); *Bowers v. Baystate Technologies, Inc.,* 320 F.3d 1317, 1327–28 (Fed.Cir.2003) (discussing double recovery concerns when breach of contract and copyright claims are brought in same action). Although a $6,871,810 award would have provided some double recovery for the registered works, the jury award in this case is well below that figure. Accordingly, the jury's breach of contract award will not be disturbed.

The Court concludes the jury verdicts were not against the clear weight of the evidence or based on false evidence, and Legg Mason's motion for a new trial and judgment as a matter of law will be denied. *See Dennis,* 290 F.3d at 650.

## III  Permanent Injunction

Lowry's seeks a permanent injunction to "enjoin and restrain Legg Mason from the infringement of Lowry's copyrights." Legg Mason opposes the injunction, asserting that it is impossible for it to continue to infringe Lowry's copyrights. Legg Mason's Opposition to Lowry's Motion for a Permanent Injunction at 1–2.

■ When a defendant is found to have infringed a copyright, it faces a "heavy burden" when it opposes a permanent injunction on the basis that infringement will not be repeated. *Lyons Partnership, L.P. v. Morris Costumes, Inc.,* 243 F.3d 789, 800–01 (4th Cir.2001). When, as here, a jury has found that the defendant engaged in willful copyright infringement after it promised to stop, an injunction is appropriate. The Court will therefore issue a permanent injunction.

## IV  Attorneys' Fees

■ Lowry's seeks $1,573,178.38 in attorneys' fees and an additional $108,025.99 in costs; Legg Mason opposes this motion. Lowry's Memorandum in Support of Its Motion for Attorney's Fees ("Fee Mot.") at 1; Legg Mason's Opposition to Lowry's Motion for Attorney's Fees at 1.

■ Title 17 U.S.C. § 505 grants the Court discretion to award costs and attorneys' fees to the prevailing party. In exercising this discretion, the Court must consider and make findings on: 1) the motivation of the defendant; 2) the reasonableness of its positions; 3) the need for deterrence and compensation; and 4) other relevant factors. *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225, 234 (4th Cir. 1993).

■ The motivation of the defendant considers both the nature of the infringement and any party's bad faith. *Id.* The

jury found that the infringement was willful, but this factor alone is not dispositive. *Id.* However, Lowry's has also provided evidence that Legg Mason obstructed discovery, made material misrepresentations to the Court, and destroyed evidence. Fee Mot. at 7–11; *see* Fee Mot. Exs. H–J. Accordingly, this factor favors the award of attorney's fees.

The second factor requires the Court to consider the credibility of Legg Mason's legal arguments. *See Rosciszewski,* 1 F.3d at 234 (Court must consider whether party's positions were frivolous or well grounded in the law); *see also Diamond Star Building Corp. v. Freed,* 30 F.3d 503, 506 (4th Cir.1994) (attorney's fees should have been awarded when litigation was of "absolute insignificance" and should "never have been brought"). Although Legg Mason has made some incredible arguments, this litigation is likely to clarify the law in some respects and, therefore, was not of absolute insignificance. *Id.* Further, Legg Mason presented non-frivolous defenses at trial. The second factor, therefore, does not strongly favor the award of attorneys' fees.

The third consideration, deterrence and compensation, was adequately provided for by the jury's award.[7] Although attorneys' fees are appropriate when a plaintiff successfully litigates an important right but receives only nominal damages, Lowry's vindicated the public's interest and secured a significant damages award. *See Dennis,* 290 F.3d at 652 (attorneys' fees encourage parties to bring otherwise unprofitable cases that advance public policy). Accordingly, no further incentive is needed in this case.

An award of attorneys' fees would provide little benefit in this case. The jury award will compensate Lowry's and allow it to pay its attorneys' fees. The size of

---

7. This is not a finding that the jury's award was excessive.

**464**

the award also serves the deterrent purposes of the Copyright Act. Accordingly, the Court will exercise its discretion and decline to award attorneys' fees.

## V. Conclusion

Legg Mason's motion for a new trial will be denied and the jury's award will not be modified. Lowry's motion for attorney's fees will be denied. Lowry's motion for a permanent injunction will be granted.

## ORDER

For the reasons stated in the Memorandum Opinion issued on this day, it is this 11th day of February, 2004, ORDERED that:

1. Legg Mason's Motion for a New Trial and Judgment as a Matter of Law BE, and hereby is, DENIED;

2. Lowry's Motion for Attorneys' Fees BE, and hereby is, DENIED;

3. Lowry's Motion for a Permanent Injunction BE, and hereby is, GRANTED;

4. It is therefore ORDERED, that the defendants, and all persons under defendants' control, are enjoined from, in any manner, directly or indirectly, unlawfully reproducing, distributing, preparing derivative works from, performing, or displaying publicly any tangible or electronic copy of any issue, or portion, of *Lowry's New York Stock Exchange Market Trend Analysis* and copyrighted portions thereof. However, defendants shall not be deemed in violation of this order for any individual act of copying or distribution that defendants could not reasonably have prevented;

5. The Clerk of the Court shall MAIL copies of this Order and the Memorandum Opinion to counsel.