**Darryl Lamont WHARTON**

v.

**COLUMBIA PICTURES INDUSTRIES, INC. et al.**

Civ. No. Y–95–2539.

United States District Court, D. Maryland.

Dec. 12, 1995.

Norris C. Ramsey; Joseph Alexander Boston, III; and Donna Comegys, Baltimore, Maryland, for Plaintiff.

Nell B. Strachan and Nathan Siegel, Baltimore, Maryland, for Defendants.

*MEMORANDUM OPINION*

JOSEPH H. YOUNG, Senior District Judge.

Darryl Wharton filed suit in the Circuit Court for Baltimore City alleging that Defendants plagiarized his screenplay "Caught Out There" to make the screenplay and movie "Higher Learning." Defendants removed the case to federal court and now seek dismissal of Wharton's state law claims. In response, Wharton seeks remand of the case to state court.

In 1989 Wharton allegedly created an original screenplay entitled "Caught Out There" while a student at Ithaca College and obtained a Certificate of Copyright Registration for the screenplay on January 28, 1991. Later in 1991 Wharton alleges that he approached John Singleton who told him how to submit screenplays. Wharton allegedly submitted "Caught Out There" to the Defendants in August 1991 but they rejected it in December 1991. Wharton's principal allegation is that Defendants then wrongfully used his screenplay to create the screenplay "Higher Learning," which was made into a movie in 1995.

Wharton filed suit in the Circuit Court of Baltimore City on July 27, 1995, alleging misrepresentation, civil conspiracy, unjust enrichment, fraud, tortious interference with prospective advantage, intentional infliction of emotional distress, and breach of contract. Defendants removed the case to this Court on August 29, 1995 and filed a Motion to Dismiss. Wharton's request for remand to state court was included in his Answer to the Motion to Dismiss.

Defendants seek to convert the state law claims into a claim of copyright infringement rather than a dismissal of the lawsuit altogether. *See* Motion to Dismiss, p. 12. Defendants also seek dismissal of the intentional infliction of emotional distress claim alleging it fails to state a claim under which relief can be granted, and dismissal of the claims against Cynthia Johnson, who manages a theater in Maryland that showed "Higher Learning," based on her lack of involvement with the screenplay and her allegedly fraudulent joinder to defeat diversity jurisdiction.

The Copyright Act preempts state law that is "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106...." 17 U.S.C. § 301(a). The Fourth Circuit Court of Appeals has interpreted the "equivalency" test to mean that state law claims involving an act that would infringe rights under the Copyright Act are preempted unless they have elements that are "qualitatively different." *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 230 (4th Cir.1993). In relevant part, the Copyright Act affords an author the exclu-

sive right to prepare derivative works based on the copyrighted work. 17 U.S.C. § 106(2). The misrepresentation, civil conspiracy, unjust enrichment, fraud, tortious interference with prospective advantage, and breach of contract claims asserted by Wharton are "equivalent" to the right to prepare derivative works because each concerns the central allegation that Defendants plagiarized his copyrighted screenplay. Thus these claims are preempted by the Copyright Act.

■ Defendants may remove a case from state to federal court when original jurisdiction lies in the federal court. 28 U.S.C. § 1441. District courts have exclusive jurisdiction over copyright claims. 28 U.S.C. § 1338(a). Although preemption is raised as a defense to Wharton's Complaint, the Fourth Circuit has held that the "preemptive force ... of the Copyright Act transforms a state-law complaint ... into a complaint stating a federal claim for purposes of the well-pleaded complaint rule." *Rosciszewski,* 1 F.3d at 233. Accordingly, removal was proper and Wharton's request for remand will be denied.

■ Although the issue of whether the state law claims remain converted to a copyright infringement claim for purposes other than removal was not before the *Rosciszewski* court, it noted that the intent of Congress was to require that equivalent claims "be litigated as federal copyright claims." *Rosciszewski,* 1 F.3d at 232. As a practical matter, if state law claims were to remain applicable after removal, defendants would always seek to remove such cases and, in the absence of diversity, move to dismiss the case on the grounds that there is no "arising under" subject matter jurisdiction over the state law claims. To avoid this result, the Court's ruling that the state law claims are preempted by the Copyright Act must be treated consistently throughout this litigation. Accordingly, Defendant's motion to dismiss the state claims and convert the case into a claim for copyright infringement is granted.

■ Defendants next argue that Count VIII, setting forth the claim for intentional infliction of emotional distress, fails to state a claim on which Wharton can obtain relief because the behavior alleged in the Complaint is not sufficiently "extreme and outrageous." The elements of the tort of intentional infliction of emotional distress are: (1) the conduct must be intentional or reckless, (2) the conduct must be extreme and outrageous, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress must be severe. *Harris v. Jones,* 281 Md. 560, 566, 380 A.2d 611 (1977). The Court must determine if a reasonable person could find that the conduct complained of satisfies each element. *Id.* at 569, 380 A.2d 611. In addition, the Complaint must plead and prove each element with particularity. *Silkworth v. Ryder Truck Rental,* 70 Md.App. 264, 271, 520 A.2d 1124 (1987), *cert. denied,* 310 Md. 2, 526 A.2d 954 (1987).

■ Elaborating on the second element of the tort, the Maryland Court of Appeals has adopted the Restatement test that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Harris,* 281 Md. at 567, 380 A.2d 611. An example of the application of this standard is *Hamilton v. Ford Motor Credit Co.,* 66 Md.App. 46, 502 A.2d 1057 (1986), *cert. denied,* 306 Md. 118, 507 A.2d 631 (1986), in which the court held that rude and harassing calls repeated over the course of several months and made at all hours of the day in an attempt to collect car payments could not be considered as "extreme and outrageous" conduct. Wharton alleges that he trusted Defendants with his screenplay, that they broke this trust by plagiarizing it, that they refused to compensate him, and that he became distraught and was unable to work creatively. This alleged behavior is milder than that at issue in *Hamilton* and other cases reviewed by the Court and fails to meet the "extreme and outrageous" test. Nor are the allegations that Defendants intended to plagiarize the screenplay sufficient to show that they desired to cause Wharton emotional distress, which is first element of the tort. *See Vance v. Vance,* 286 Md. 490, 506, 408 A.2d 728 (1979).

Accordingly, the emotional distress claim will be dismissed.

Finally, Defendants argue that Wharton fails to state a claim upon which relief can be granted against Cynthia Johnson, whose only connection with the case is that she manages a theater in Maryland that showed "Higher Learning." The Copyright Act provides a cause of action against anyone who violates the exclusive rights of the copyright owner, 17 U.S.C. § 501, which in this case is the right to prepare derivative works based on copyrighted work, 17 U.S.C. § 106(2). Wharton does not allege that Johnson participated in writing "Higher Learning"; he merely argues that she assisted in dissemination of the work and contributed to his injury. Because Johnson did not violate Wharton's rights, the copyright claim against her will be dismissed.

Accordingly, Defendants' Motion to Dismiss is granted and Wharton's request for remand is denied. The case will proceed under the theory of copyright infringement.