WIDENER, Circuit Judge,
dissenting:
I respectfully dissent. I am of opinion that the district court erred by refusing to instruct the jury that the defendants’ profits are deemed attributable to the alleged copyright infringement unless the defendants prove otherwise.
I first recount some of the relevant facts from our earlier opinion in this case. In' 1995, Frederick Bouchat was a security guard at an office building. As word spread that a National Football League team was returning to Baltimore, Bouchat drew team designs and logos. He showed the designs to visitors of the building and sometimes gave them away as gifts. Bouchat v. Baltimore Ravens, Inc., 228 F.3d 489, 491-92 (4th Cir.2000).
After seeing some of.Bouehat’s designs, a state official who worked in the building arranged a meeting between Bouchat and John Moag, the chairman of the Maryland Stadium Authority. Moag is credited with bringing the Ravens team to Baltimore. After Bouchat described his drawings, Moag told Bouchat to send him the drawings so that he could pass them along to the Ravens for consideration. Bouchat got permission from his supervisor to use the office fax machine and faxed his drawing to the Maryland Stadium Authority. Within a day after Bouchat sent his fax, Moag met with National Football League Properties officials to discuss the design of the new Ravens logo. The Ravens unveiled their new logo several months later. Bouchat and his co-workers immediately recognized the new logo as Bouchat’s work. Bouchat successfully sued the defendants for copyright infringement. Bouchat, 228 F.3d at 491-92. The district court bifurcated that first trial. After a trial on the issue of liability, the jury found that the defendants infringed Bouchat’s copyright and this court affirmed. Bouchat v. Baltimore Ravens, Inc., 241 F.3d 350 (4th Cir.2001). Bouchat then sought damages under 17 U.S.C. § 504(b) in a separate jury trial that is the subject of this appeal.[1]
*528 At the close of evidence in the damages trial, Bouchat asked the district court to give the jury instruction approved by this court in Walker v. Forbes, 28 F.3d 409 (4th Cir.1994). In Walker, we affirmed the district court’s instruction on the award of profits in a copyright infringement case.[2] Bouchat asked for the instruction by name and also read the relevant language into the record.
The district court declined to give the Walker instruction. Instead, the court read from the jury verdict form. Although the district court explained that “the defendants have the burden of proof by a preponderance of the evidence,” the court never instructed the jury that they must presume all profits are attributable to the infringement unless the defendants prove otherwise.
I agree with the majority’s conclusion that the district court correctly instructed the jury on the burden of proof. Under Walker, however, merely stating that the defendant bears the burden of proof is not enough. The Walker instruction also informs the jury that profits should be deemed attributable to the alleged infringement unless the defendant proves otherwise. Walker, 28 F.3d at 414. Indeed, our opinion emphasized the following portion of the district court’s instruction: “amounts or elements of profits should be deemed attributable to the alleged infringement unless [the defendant] proves by a preponderance of the evidence that they are not.” Walker, 28 F.3d at 414 (emphasis in original). The importance of this portion of the instruction is evident from our analysis following the emphasized language:
This instruction correctly stated the law concerning the shifted burden of proof that the defendant bears to show the portion of revenues and profits that are not attributable to the infringement, and, in the emphasized language, explained the impact of this shifted burden upon the apportionment calculation.
Walker, 28 F.3d at 414 (emphasis added). The emphasized language in Walker is the basic thought around which the decision is based, and its conscious omission here is, I think, reversible error.
Later cases in this circuit recognize that § 504(b) creates a presumption in favor of the copyright holder on the issue of profits. In Nelson-Salabes, Inc. v. Morningside Development, 284 F.3d 505 (4th Cir.2002), this court acknowledged that “under § 504(b), all gross revenue is presumed to be profit ‘attributable to the infringement’ unless the infringer is able to demonstrate otherwise.” Nelsom-Salabes, 284 F.3d at 512 n. 9.
Other courts similarly acknowledge that § 504(b) creates a presumption in favor of the copyright owner. In Data General Corp. v. Grumman Systems Support Corp., 36 F.3d 1147, 1173 (1st Cir.1994), *529 the First Circuit held that “the plaintiff must meet only a minimal burden of proof in order to trigger a rebuttable presumption that the defendant’s revenues are entirely attributable to the infringement.” The rebuttable presumption language in Data General has been used by a number of district courts. See Andreas v. Volkswagen of America, Inc., 172 F.Supp.2d 1168, 1170 (N.D.Iowa 2001); Bruce v. Weekly World News, Inc., 150 F.Supp.2d 313, 315 (D.Mass.2001), rev’d on other grounds, 310 F.3d 25 (1st Cir.2002); Rainey v. Wayne State University, 26 F.Supp.2d 963, 971-72 (E.D.Mich.1998).
In addition to refusing to give the Walker instruction, the district court limited its instructions on the award of profits under § 504(b) to an explanation of the special verdict form. The court read each question from the verdict form and then gave a brief explanation of what the question meant. The first question asked “have the defendants proven by a preponderance of the evidence that income derived by the defendants from the sale of products bearing the Flying B logo was attributable completely to factors other than the artwork of the Flying B logo.” The jury answered “yes” to question one and ended their deliberations.
The verdict form and accompanying instructions used in this case are troubling. Special verdict forms “should be resorted to with discrimination and foresight” Morris v. Pennsylvania R. Co., 187 F.2d 837, 841 (2d Cir.1951). Indeed, Justice Black and Justice Douglas wrote that special verdict forms can be, as here, “used to impair or wholly take away the power of a jury to render a general verdict.” Statement of Mr. Justice Black and Mr. Justice Douglas on the Rules of Civil Procedure and the Proposed Amendments, 31 F.R.D. 617, 618 (1963).
In this case, the lack of a clear, or any, instruction relating to the presumption of award of profits, together with the limited scope of the verdict form questions, can only have discouraged the jury from awarding damages to the plaintiff, even if the facts and the law supported such an award. This result runs counter to the fundamental purposes of trial by jury.[3] See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2503 (2d ed.1994).
In sum, given our holding in Walker and the reasoning of later cases, I am of opinion that the jury should have been instructed that defendants’ profits are deemed attributable to the infringement unless the defendants prove otherwise by a preponderance of the evidence. Accordingly, I would hold that the district court’s instructions to the jury, taken as a whole, did not adequately state the controlling law. In my opinion, the failure of the district court, upon request, to give the instruction on the presumption of damages for the plaintiff, which was literally approved in Walker, was an abuse of discretion even if subject to discretionary consideration. It cut the heart out of the plaintiffs case. For that reason, I would reverse and remand for a new trial.

. As the majority points out, Bouchat could not elect to receive statutory damages because he had not registered his copyright at the time of the infringement.
The majority also notes that Bouchat did not claim any actual damages. This is understandable. Bouchat drew his proposed logos fpr the Ravens in his spare time and often gave them away as gifts. He submitted his *528 design to Moag only after Moag suggested it. Even then, he asked in return only for "a letter of recognition” and an autographed helmet, "if the team wants to.” Thus, it is likely that Bouchat's actual damages, if any, were nominal. Regardless of his actual damages, however, Bouchat is entitled to defendants' profits attributable to the infringement because the award of profits is intended to "prevent the infringer from unfairly benefiting from a wrongful act” and not to compensate the copyright owner. H.R.Rep. No. 94-1476, at 161 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5777.

. This court not only affirmed the use of the instruction, but also praised it, noting that “the district court’s rich and detailed instructions did an excellent job of explaining to the jury its task in determining the correct apportionment of profit attributable to the infringement, faithfully explaining the rules and procedures set out in the statute.” Walker, 28 F.3d at 416.

. Some of the greatest legal thinkers in American jurisprudence have written on the importance of leaving juries free to decide cases so that they may apply not only the law, but also their own sense of justice. See e.g., Oliver Wendell Holmes, Law in Science and Science in Law, in Collected Legal Papers 237-238 (1920); Roscoe Pound, Law in Books and Law in Action, 44 Am. L.Rev. 12, 18-19 (1910); John H. Wigmore, A Program for the Trial of Jury Trial, 12 J. Am. Jud. Soc. 166, 170 (1929); Roger J. Traynor, Fact Skepticism and the Judicial Process, 106 U. Pa. L.Rev. 635, 640 (1958); Charles E. Wyzanski, Jr., A Trial Judge's Freedom and Responsibility, 65 Harv. L.Rev. 1281, 1286 (1952).