[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10410

_____

POET THEATRICALS MARINE, LLC,
POET PRODUCTIONS, LLC,
POET TECHNICAL SERVICES, LLC,
POET HOLDINGS, INC.,

                                        Plaintiffs-Appellees,

*versus*

CELEBRITY CRUISES, INC.,

                                        Defendant-Appellant,

ROYAL CARIBBEAN CRUISES, LTD., et al.,

2                      Opinion of the Court                    21-10410

                                                              Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24619-CMA

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This is a case about shows on cruise ships. Poet Theatricals Marine, LLC[1] and Celebrity Cruises, Inc. entered into a series of agreements. In those agreements, Poet agreed to produce shows for Celebrity's ships. When those agreements went south, Poet sued Celebrity in state court, asserting various claims under state law. Celebrity, in turn, removed the case to federal court. Celebrity argued that Poet's state-law claims were actually federal copyright claims. In doing so, Celebrity invoked the doctrine of complete preemption, which treats certain state-law claims as if they were federal.

_____

[1] The plaintiffs were Poet Theatricals Marine, LLC, Poet Productions, LLC, Poet Technical Services, LLC, and Poet Holdings, Inc. We'll refer to them together as "Poet."

The district court dismissed all of Poet's claims except for one: a state unjust enrichment claim. The district court concluded that the unjust enrichment claim was not completely preempted by the Copyright Act. The district court declined to exercise supplemental jurisdiction over that claim and remanded it to state court. On appeal, Celebrity argues that the district court erred by remanding the claim because it was completely preempted.

We affirm. A state-law claim is completely preempted (and thus removable) if (1) a federal statute creates an exclusive cause of action and (2) the state-law claim falls within that exclusive federal cause of action. Even if the Copyright Act created an exclusive federal cause of action (at step one), Poet's unjust enrichment claim fell outside of that cause of action (at step two). Because Poet's unjust enrichment was not completely preempted, the claim was neither federal nor removable. As the district court concluded, it belonged in state court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Poet is an entertainment company. As part of its business, Poet created, produced, and executed live shows for cruise ships. In 2007, Poet signed a series of agreements with Celebrity Cruises, Inc. In those agreements, Poet agreed to produce shows for Celebrity. These shows regularly appeared on Celebrity's ships until the agreements ended in 2016. Over the course of these performances, Celebrity took videos and photographs of Poet's shows.

The contracts gave Celebrity "the exclusive right and limited license to use, perform or display [Poet's] shows" on Celebrity's ships for the term of the agreements. They also stated that, if Celebrity wanted to "use any [p]roject [m]aterials for any other purpose other than in [Poet's] [s]hows within the scope" of the agreements, Celebrity had to "obtain a license for such use from" Poet. "Project materials" were defined to include Poet's intellectual property developed and used in its shows. The agreements provided that "[a]ll [p]roject [m]aterials shall be and remain the sole property of [Poet] and shall be delivered to [Poet] upon termination" of the agreements.

According to Poet, Celebrity didn't live up to these agreements. The agreements granted Celebrity a "limited license" to use, perform, or display the shows over the duration of each agreement. But Celebrity "continued to use the video recordings and still photographs of scenes in Poet's shows in promotional materials . . . following termination of the agreements." Celebrity displayed images of Poet's shows on its websites, brochures, and posters. And Celebrity continued to use videos of Poet's shows on its YouTube channels and its website.

Poet sued Celebrity, its parent corporation, and nine travel agencies in Florida state court. Poet asserted twenty-one state-law causes of action, including one against Celebrity for unjust enrichment (count two). In setting out its unjust enrichment claim, Poet alleged that it had "granted [Celebrity] a limited license to use Poet's intellectual property." But Celebrity continued to use and

benefit from Poet's intellectual property outside the terms of that limited license. And so Poet alleged that Celebrity was liable for unjust enrichment. Although Poet's claim was based on Celebrity using its intellectual property, Poet didn't bring any federal copyright claims.

Celebrity removed the case to federal court. In doing so, Celebrity asserted federal question jurisdiction through the complete preemption doctrine. Celebrity recognized that, under the well-pleaded complaint rule, a plaintiff may generally "avoid federal jurisdiction by exclusive reliance on state law." But there is an exception: when federal law has "entirely displace[d] any state cause of action," we will treat those displaced state causes of action as federal claims "removable to federal court." Celebrity argued that the Copyright Act completely preempts state law in this way. And it contended that Poet's state-law claims fell within the Copyright Act's scope such that Poet's claims were (in fact) federal copyright claims.

Poet moved to remand. Poet argued that complete preemption was a "rare doctrine" that the Supreme Court had applied in only three statutes: the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act. Poet pointed out that this court had "display[ed] no enthusiasm to extend the [complete preemption] doctrine into new areas of law." Poet also argued that, even if the Copyright Act could completely preempt state law, the Copyright Act didn't completely

preempt its particular claims in this case. That's because, in Poet's view, its claims fell outside the Copyright Act's scope.

The district court agreed almost entirely with Celebrity. First, the district court—following the unanimous view of other circuits that have considered the question—concluded that the Copyright Act completely preempts state-law claims that fall within the Act's scope. Second, the district court held that twenty of the twenty-one claims were completely preempted. The sole exception was Poet's unjust enrichment claim against Celebrity. The district court reasoned that the unjust enrichment claim fell outside the Copyright Act's scope and thus wasn't completely preempted.

Because it found that the Copyright Act completely preempted twenty of Poet's state-law claims, the district court concluded that it had federal question jurisdiction over the case. In other words, it found that twenty of Poet's "state-law claims" were really federal copyright claims. The district court thus denied Poet's motion to remand. But it dismissed those twenty claims without prejudice, leaving only the state unjust enrichment claim against Celebrity. This claim, the district court concluded, was not completely preempted because it fell outside the Copyright Act's scope. The district court then declined to exercise supplemental jurisdiction over the unjust enrichment claim and remanded it to state court.

21-10410               Opinion of the Court                    7

Celebrity timely appealed the district court's decision to re-mand Poet's unjust enrichment claim.  None of Poet's other claims are on appeal.

## STANDARD OF REVIEW

"Whether a district court may exercise jurisdiction over a case based upon complete preemption is a question of law that this court reviews de novo."  *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 (11th Cir. 2003) (cleaned up).

## DISCUSSION

Celebrity argues that Poet's state unjust enrichment claim is completely preempted by the Copyright Act—such that the claim is in fact a federal copyright claim.  Because the unjust enrichment claim arises (in Celebrity's view) under federal law, Celebrity con-tends that the district court erred by remanding the claim to state court.  This raises two questions.  First, does the Copyright Act cre-ate an exclusive cause of action?  Second, does Poet's unjust enrich-ment claim fall within that exclusive cause of action?  Poet's claim is completely preempted only if the answer to both of these ques-tions is "yes."  We'll take each in turn.

### Complete Preemption

The district court asserted jurisdiction under the removal statute.  *See* 28 U.S.C. § 1441.  "The removal statute provides that any civil action brought in state court may be removed to federal court . . . so long as the federal court has original jurisdiction over the case under either federal question or diversity jurisdiction."

*Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). The parties agree that there's no diversity jurisdiction in this case because they aren't completely diverse. And so our power to hear this case hinges on whether we have federal question jurisdiction.

The presence of federal question jurisdiction is generally governed by the well-pleaded complaint rule. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "The rule makes the plaintiff the master of the [case]; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* It's thus "settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393.

But there's an exception—or corollary—to the well-pleaded complaint rule: the complete preemption doctrine. Under the complete preemption doctrine, a complaint that (on its face) raises only state-law claims can still be removed "when a federal statute wholly displaces the state-law cause[s] of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). In assessing whether Congress has completely preempted state law, the "dispositive question" is whether "Congress intended the federal cause of action to be exclusive." *Id.* at 9 & n.5. If so, any state-law claim falling within that exclusive federal cause of

21-10410                 Opinion of the Court                    9

action "necessarily arises under federal law," rendering the case "removable." *Id.* at 9.

The doctrine is based on the idea that, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 8. In other words, if Congress has entirely displaced state law and replaced it with a federal cause of action, there's no such thing as a state-law claim falling within that cause of action. It can only be federal. And so the claim must be removable. The doctrine is designed, at least in part, to combat artful pleading: "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983); *see also* Arthur R. Miller, *Artful Pleading: A Doctrine in Search of Definition*, 76 Tex. L. Rev. 1781, 1785 (1998) ("[A] plaintiff may not disguise an inherently exclusive federal cause of action, which, if properly pled, would provide a basis for removal.").

Complete preemption is "rare." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011). The Supreme Court has found only three statutes to completely preempt state law: (1) section 301 of the Labor Management Relations Act, *see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560–61 (1968); (2) section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, *see Metro. Life*

*Ins. v. Taylor*, 481 U.S. 58, 62–63 (1987); and (3) sections 85 and 86 of the National Bank Act, *see Beneficial Nat'l Bank*, 539 U.S. at 11.

Turning to our case, Celebrity argues that the Copyright Act completely preempts state law. Every circuit to consider the issue has held that the Copyright Act provides an exclusive federal cause of action and thus is completely preemptive. *See GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012) ("We hold that [s]ection 301(a) of the Copyright Act completely preempts the substantive field."); *Ritchie v. Williams*, 395 F.3d 283, 287 (6th Cir. 2005) (same); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (same); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993) (same).

But we don't need to decide the issue here. We'll assume—without deciding—that the Copyright Act is completely preemptive. As we'll see, though, that won't help Celebrity's appeal. That's because it's not enough to say that a federal statute completely preempts state law. Instead, a removing party relying on complete preemption must also show that the plaintiff's state-law claim falls within the federal statute's exclusive cause of action. It's only then that the claim is completely preempted, offering a basis for removal. On this point, Celebrity falls short.

### Complete Preemption Applied to Our Claim

We now turn to whether Poet's claim falls within the Copyright Act's exclusive cause of action. "[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily

21-10410                Opinion of the Court                11

'arises under' federal law." *Beneficial Nat'l Bank*, 539 U.S. at 7 (quoting *Franchise Tax Bd.*, 463 U.S. at 24). A state-law claim "falls within the scope" of an exclusive federal cause of action when "an individual, at some point in time, could have brought [the state-law] claim under" that exclusive federal cause of action. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (cleaned up).[2]

But Poet couldn't have brought a copyright claim, so its unjust enrichment claim doesn't fall within the Copyright Act's cause of action. To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *accord Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020) (same).

As to the first element (ownership of a valid copyright), "a plaintiff must prove that [its] work is original and that the plaintiff complied with applicable statutory formalities." *Latimer v.*

---

[2] In *Davila*, the Supreme Court held that there were two steps in assessing whether state-law claims fell within ERISA's exclusive cause of action. A claim is completely preempted by ERISA where (1) the plaintiff "could have brought his claim under ERISA" *and* (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. Some courts have extended this two-part test to other statutes. *See, e.g.*, *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1037 (9th Cir. 2014). Because Celebrity fails at the first step, we need not decide whether the second step also applies to our complete preemption analysis for the Copyright Act.

*Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (cleaned up).  One of those statutory formalities is the Copyright Act's registration requirement, which provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made."  17 U.S.C. § 411(a); *see also Smith v. Casey*, 741 F.3d 1236, 1242 (11th Cir. 2014) (explaining that registration is one of the Copyright Act's necessary "formalities").

In other words, "the Copyright Act [generally] requires copyright holders to register their works before suing for copyright infringement."  *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010); *see, e.g.*, *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017) (dismissing a copyright claim where the plaintiff "did not allege that the Register of Copyrights had yet acted on the [copyright] application"), *aff'd*, 139 S. Ct. 881 (2019); *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1341 (11th Cir. 2018) (explaining that "a complaint claiming infringement of an unregistered copyright can be dismissed for failure to state a claim").[3]

Here, Poet never alleged that it registered *any* copyright before bringing this case.  In fact, both sides agree that Poet never registered its copyrights.  The parties also agree that, because Poet has no registration, any copyright claim it brought "would have to

---

[3] There are some exceptions to this registration requirement.  *See* 17 U.S.C. § 411(a).  But none of those exceptions apply here.

be dismissed." This isn't a case, then, where Poet *could have* brought a federal claim but didn't to avoid federal court. Poet *couldn't* have brought a copyright claim; it had no registration. Because Poet couldn't have brought a copyright claim, its unjust enrichment claim doesn't fall within the Copyright Act's exclusive cause of action. Poet's claim isn't completely preempted.

Comparing a copyright claim and Poet's unjust enrichment claim only confirms that Poet's claim falls outside the Copyright Act's exclusive cause of action. A copyright claim requires "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*, 499 U.S. at 361. By contrast, an unjust enrichment claim, under Florida law, requires proof that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004)). These elements are entirely different.

Poet's allegations also show that its claim falls outside the Copyright Act's exclusive cause of action. Poet asserted that Celebrity was liable for unjust enrichment because (1) Poet conferred a benefit (its intellectual property) on Celebrity, (2) Celebrity accepted, used, and retained that intellectual property, and (3) it would be unjust for Celebrity to retain the benefits of that use after the termination of the parties' agreements. Poet alleged that

Celebrity's use was unfair—not because Poet owned a registered copyright for its shows—but because Celebrity exceeded the terms of its licenses without paying Poet to use its creations.

Against all this, Celebrity never tries to show that Poet's unjust enrichment claim falls within the Copyright Act's exclusive cause of action. Instead, Celebrity argues that Poet's unjust enrichment claim falls within section 301(a) of the Copyright Act, which expressly preempts certain state claims. *See* 17 U.S.C. § 301(a). Specifically, the Act preempts any state claim asserting rights that "(1) fall within the 'subject matter of copyright' set forth in sections 102 and 103 [of the Act] and (2) are 'equivalent to' the exclusive rights of section 106." *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001) (quotation omitted). Celebrity argues that Poet's claim falls within section 301(a) and that this is enough to find *complete* preemption.

Some of our sister circuits have suggested that Celebrity is right: that state-law claims preempted by the Copyright Act are *completely* preempted—giving rise to removable federal claims. *See, e.g.*, *Briarpatch*, 373 F.3d at 305 ("[T]he district courts have jurisdiction over state law claims preempted by the Copyright Act."); *Rosciszewski*, 1 F.3d at 232 ("[A]ctions pre-empted by [section] 301(a) of the Copyright Act [are to] be regarded as arising under federal law."); *GlobeRanger*, 691 F.3d at 706 (holding that the plaintiff's claims were completely preempted to the extent "the Copyright Act preempt[ed] any of [the plaintiff's] claims").

But this approach, in our view, "conflate[s] complete and ordinary preemption." *See Griffioen v. Cedar Rapids & Iowa City Ry.*, 785 F.3d 1182, 1190 (8th Cir. 2015). Ordinary preemption "arises when the text of a federal statute explicitly . . . displace[s] state law." *See Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1329 (11th Cir. 2014) (quotation omitted). That's what section 301 of the Copyright Act does: it expressly displaces state-law claims that fall within its reach. Complete preemption, on the other hand, arises—not where a state claim falls within a statute's preemption provision—but where the state-law claim "comes within the scope of the [exclusive] federal cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 7 (quoting *Franchise Tax Bd.*, 463 U.S. at 24).

Put another way, "[t]he scope of complete preemption turns primarily on the provision creating the federal cause of action—not on an express preemption provision." *Griffioen*, 785 F.3d at 1190. "It is the federal cause of action that ultimately supplants the state-law cause of action and effectuates complete preemption." *Id.* It's only when a state-law claim "comes within the scope of [the exclusive federal] cause of action" that the claim is completely preempted. *Davila*, 542 U.S. at 208 (quotation omitted). The question, in other words, is whether the plaintiff "could have brought [its] claim under" the exclusive federal cause of action. *Id.* at 210. And so Celebrity's argument—that Poet's claim is expressly preempted—misses the point. That argument goes to the merits, not to jurisdiction. It's one that the state courts can (and should) decide. *See Caterpillar*, 482 U.S. at 398 n.13 (noting that "the merits

of . . . any of the [parties' ordinary] pre-emption arguments . . . must be addressed in the first instance by the state court").

Indeed, courts routinely look to the federal cause of action—not a statute's preemption provision—in assessing complete preemption. *See, e.g.*, *Metro. Life Ins.*, 481 U.S. at 66 (finding that a state-law claim was completely preempted because the state "cause of action [fell] within the scope" of ERISA's "civil enforcement provisions"); *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 411 (3d Cir. 2021) ("The question is whether the [plaintiff's] allegations fall within the scope of the [federal] cause of action—that is, whether the claims *could have* been brought under that section." (quotation omitted)); *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 586 (5th Cir. 2022) ("Assuming—without deciding—that the [federal] cause of action is completely preemptive, the question is whether [the plaintiff] could have brought the instant claims under that cause of action." (quotation omitted)).

Celebrity would instead have us federalize any claim that comes within the Copyright Act's preemption provision. But that approach would take what's meant to be a "narrow exception" to the well-pleaded complaint rule and blow it wide open, allowing the removal of more cases to federal court and undermining our system of dual sovereignty. *See Beneficial Nat'l Bank*, 539 U.S. at 5; *cf. Healy v. Ratta*, 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction[.]"). That's because—like many statutes—the Copyright Act's preemption

provision is broader than its cause of action. *See* 1 Nimmer on Copyright § 1.16[A] ("[T]he shadow actually cast by the Act's preemption is notably broader than the wing of its protection." (quotation omitted)). "Therefore, a state-law claim may be . . . preempted [by section 301] but not completely preempted under" the Copyright Act's exclusive cause of action. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009). In such a case, the proper approach is to "assert preemption as a defense" in state court, not to "remov[e] [the case] to federal court." *Id.* That's what Celebrity must do.

⋆    ⋆    ⋆

In sum, we agree with the district court that the Copyright Act doesn't completely preempt Poet's unjust enrichment claim. That claim belongs in state court.

**AFFIRMED.**